No. 14,636.

MOUNTAIN STATES OIL CORPORATION *v.* SANDOVAL.

(96 P. [2d] 5)

Decided October 9, 1939.   Rehearing denied November 20, 1939.

Messrs. GARWOOD & GARWOOD, for plaintiff in error.

Mr. JOHN N. MABRY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

THE corporation brought an injunction proceeding against Sandoval, alleging that the latter was interfering with its use of certain premises which it occupied and possessed under lease, and from which it was deriving gas and oil production. It prayed that Sandoval be enjoined from further interference, and that it be awarded damages for acts already done. Answering, Sandoval, while admitting the corporation's leasehold interests in the premises from which the oil and gas was being produced, alleged his ownership of the fee of

the property; that the corporation had wrongfully appropriated his royalty rights and was indebted to him in a large sum. He prayed for injunctive relief, the appointment of a receiver, an accounting, and money judgment. The corporation replied explanatorially at length.

As pleaded, the issues were not a little complex, but at trial the parties greatly modified their respective demands and so simplified the issues that an accounting became the only concern of the court. When taking of evidence had been concluded, the parties agreed that injunctive orders were not necessary, and that the testimony should be transcribed and turned over to a referee, then appointed, for study and findings.

The referee found that from the inception of the leasehold relations between the parties, royalties had accrued to Sandoval in the sum of $4,680.12; that he was entitled to $293.79 on an admitted credit otherwise, and $490.00 on account of damages by the corporation to his crops through certain years, or a total of $5,463.91. Against this total, the referee found that the corporation had paid Sandoval on account of royalties, the sum of $2,463.87, to the federal government on a restraint warrant against Sandoval, the sum of $112.39, and on a bill incurred by Sandoval to a gasoline company, which had been guaranteed by the corporation, the sum of $853.90, or $3,430.16 in all, resulting in a net balance of $2,033.75, in favor of Sandoval. The referee further found, although we have discovered no allegations in relation thereto, and only can speculate as to its mention in the findings and proceedings subsequent thereto, that Sandoval was entitled to 1,250,000 shares of the capital stock of the corporation here. The finding as to this item was challenged on its merits, but was sustained by the court, and the challenge is not renewed on review. The corporation excepted to the referee's finding of $490.00 damage to Sandoval's crops, particularly for the year 1933; and it objected because the referee refused to

credit it with the amount of three checks drawn by the company to Sandoval, and cashed by him, in sums, $450.00, October 18, 1924, $200.00, April 2, 1925, and $500.00, July 23, 1925, or $1,150.00. The court held adversely to the corporation on the checks for $450.00 and $500.00, but sustained its position as to the $200.00 check. In addition to the $200.00 item the court allowed an overlooked item of $9.55, and thus the referee's finding of $2,033.75 was reduced to $1,824.20, in which sum judgment entered in favor of Sandoval.

On error, the corporation, represented by counsel not engaged below, complains only of the refusal of the court to give credit for the two checks, $450.00 and $500.00, and of an award of $98.00 crop damage for 1927.

In behalf of the corporation there was testimony to the effect that the two checks represented loans to Sandoval, while in his behalf there was testimony supporting the contention that the checks represented taxes on the land involved, paid as a bonus for the lease. The trial court sustained the referee's finding in favor of Sandoval's position in the matter. The trial judge's analysis of the evidence seems to be reasonable, and his deductions warranted. Under well recognized rules, we are concluded thereby.

The damages to crops grew out of the fact, established as found below, that the corporation failed to bury its pipes as agreed, which the court and referee found worked a damage to the crops of the fee holder; that in relation thereto the parties had agreed the damages should be estimated at $98.00 per year. The referee found that such damage obtained for the years 1929, 1930, 1931, 1932, and 1933, or five years. Computed so, he found that the corporation owed Sandoval $490.00. The corporation excepted only to the finding for the year 1933, but, for what appears sufficient reason, the court overruled the exception. In the court's findings there *was* reference to the years 1927 and 1928, and there was testimony to the effect that the corporation

had paid for two years. The mention of 1927 by the court apparently was inadvertent, and emphasis of that year by the corporation on error seems lacking in pertinence. The finding of the referee, as we have seen, did not include the year 1927, and only the year 1933 drew the attention of the corporation in its exceptions to the referee's report. We do not perceive error.

Let the judgment be affirmed.

Mr. Justice Young and Mr. Justice Knous concur.